
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ROBERT CARSON, et al.,
        Plaintiffs,

vs.                                                                 05-1072

ROGER WALKER, et al.,
        Defendants.

## ORDER

Before the court are the plaintiffs' motion to appoint counsel, d/e 8, motion to certify class, d/e 10 and the defendants' response to the motion to certify class, d/e 47.

## Background

The plaintiffs, Robert Carson, George Atchison, Donald Sams, Anthoney McNeal and Vincent Miles allege the defendants, Roger Walker and Guy Pierce have violated their First Amendment rights to congregate, Eighth Amendment right to be free from cruel and unusual punishment and Fifth and Fourteenth Amendment right to equal protection of the laws and due process.

Specifically, the plaintiffs claim they are protected custody inmates and that the protective custody inmates are forced to receive their visitors in a restricted segregation visiting room that was designed for use by disciplinary segregation inmates, when the protective custody inmates are not under any disciplinary restrictions and have not committed any rule infractions that would require them to use the restricted visiting room. The restricted visitation conditions forced upon the protective custody inmates was implemented in approximately 1997, without taking into account the rights or protective custody inmates. The plaintiffs claims the defendants have refused to allow the protective custody inmates to receive their visitors on an equal basis and with the same frequency as general population inmates.

In general population, the inmates are able to sit at the tables with their visitors, walk to vending machines to retrieve food, drinks, etc. Further, they are able to hold small children, hold hands on top of table and basically, have contact visits. While in protective custody, the protective custody inmates are required to receive their visitors behind glass partitioned walls and speak to their visitors through intercoms, a system designed for use by disciplinary segregation inmates.

There is a consent decree entered in *Meeks v. Lane, et al., 75 C 96* by Judge Luther M. Swygert, United States Court of Appeals on July 20, 1981; District Court Judge Julius J. Hoffman and District Court Judge Thomas R. McMillen. The decree provides, in part, that: "Inmates in such housing areas [special protection] shall have the same opportunities as other

inmates in other housing areas of the general population for visitation, telephone and commissary privileges, job assignments, etc. Inmates confined in PCA's shall be afforded the opportunity to enjoy telephone... and to receive visitors on an equal basis and with the same frequency as inmates confined in the general population."

## Arguments and Discussion

In their response to the plaintiff's motion to certify class, d/e 47, the defendants asserts that the plaintiffs have asked the court to allow them to sue as representative parties on behalf of the approximately 490 inmates in protective custody at Pontiac Correctional Center. The defendants argue that the plaintiffs' motion should be denied because the prerequisites to a class action have not been met. Fed. R. Civ. P. Rule 23 sets forth the prerequisites to a class action. The defendants argue that the plaintiffs fail to meet these prerequisites in at least three respects.

First, inmates who have requested protective custody have done so because they want to be protected. These five plaintiffs are apparently unconcerned about being in an open room with persons they do not know who are visiting other inmates. The plaintiffs have made no showing, however, that the other 485 inmates in protective custody at Pontiac Correctional Center are similar unconcerned for their safety. These five plaintiffs have no demonstrated that their claims are typical of the class. See. FRCP, Rule 23(a)(3).

Second, the plaintiffs have apparently not considered the dangers their proposal may present to other members of the class. This, not to mention their status as convicted felons, demonstrates the plaintiffs' gross inability to fairly and adequately protect the interests of the class, at least without the assistance of adequate class counsel. *See* FRCP Rule 23(a)(4).

The defendants' third argument is that a court that certifies a class must appoint class counsel. See FRCP Rule 23(g). Here, the plaintiffs are representing themselves *pro se*. Thus, there is presently no adequate applicant for appointment as class counsel available, even for appointment as interim counsel.

The court agrees with the defendants. The plaintiffs do not meet the prerequisites for a class action and therefore, the plaintiff's motion for class certification is denied, d/e 10. Further, the plaintiffs' motion for appointment of counsel, d/e 8, is denied. As the plaintiffs' do not meet the prerequisites for a class action, appointment of counsel is not warranted in this case. Neither the legal issue raised in the complaint nor the evidence that might support the plaintiffs' claims are so complex or intricate that a trained attorney is necessary. The plaintiffs appear more than capable of presenting their case. The plaintiffs have alleged no physical or mental disability that might preclude them from adequately investigating the facts giving rise to their complaint. *See Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983). It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. The motion is denied pursuant to *Maclin v. Freake*, 650 F.2d 885, 887-89 (7th Cir. 1981). *See Merritt*, 697 F.2d 761, 763 (7th Cir. 1983) and *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

**Based on the foregoing, it is therefore ordered:**

1. The plaintiffs' motion for appointment of counsel, d/e 8, is denied.
2. The plaintiffs' motion for class certification is denied, d/e 10, pursuant to Fed. R. Civ. P. Rules 23(a)(3) and (4) and 23(g).

Enter this 28th day of September 2005.

s/ Harold A. Baker
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT JUDGE**