UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**Robert Carson, et al.,**
        **Plaintiffs,**

vs.   05-1072

**Roger Walker, et al.,**
        **Defendants.**

**ORDER**

    Before the court is the plaintiff, Carson's motion to have overpaid portion of filing fee returned to the plaintiff, d/e 45, and the defendants' response, d/e 46. In his motion, the plaintiff asserts that the co-plaintiffs have overpaid their filing fee and are entitled to a refund. The defendants assert that no one except Carson signed the motion which he purports to submit on behalf of the other inmates as the "representative plaintiff." The defendants argue that as Fed. R. Civ. P. Rule 11 requires that all unrepresented plaintiffs sign every written motion to the extent that Carson purports to have filed his motion on behalf of the other four prisoners, it should be sricken because they did not sign it. Further, the defendants argue that contrary to Carson's claim, the plaintiffs have not yet paid their statutorily required filing fees and they are not entitled to any refund. The defendants argue that the Seventh Circuit Court of Appeals has made it clear that, in prisoner cases, Section 1915(b)(1) specifies a per-litigant approach to fees. *Boriboune v. Berge*, 391 F.3d 852, 858 (2004) citing 28 U. S. C. § 1915(b)(1). The defendants argue that pursuant to the precedent of the Seventh Circuit Court of Appeals, the District Court must ensure that each prisoner is assessed one full $150.00 filing fee when prisoners decide to litigate jointly. *Id.* The defendants assert that in other words, in this case, the plaintiffs owe a total of $750.00 ($150 x 5 litigants[1]).

    The court notes that the plaintiffs trust fund account ledgers were certified by the trust fund officer on December 1, 2004 and their petition to proceed in forma pauperis were signed on December 2, 2004. The record shows that the co-plaintiffs documents were filed on December 16, 2004 in the United States District Court, Northern District of Illinois. "The mailbox rule . . . holds that prisoners who do not have a lawyer are deemed to file a notice of appeal from an adverse judgment when they deliver the notice to the prison authorities. *Houston v. Lack*, 87 U.S. 266 (1988). Although the mailbox rule has been adopted in evaluation the timeliness of papers filed in the court of appeals, Fed. R. App. P. 4(c)(1); 25(a0(2)(C), and for habeas petition, *see Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999). As the Seventh Circuit has not decided whether the rule should be extended to all filings in the district court, but has not held that it should not be extended, until the Seventh Circuit or the Supreme Court says

---

[1]At the time Carson filed his motion, there were five co-plaintiffs. Three of the co-plaintiffs were terminated in the court's October 13, 2005 order. There are two remaining co-plaintiffs.

otherwise, this court applies the Houston mailbox rule in prisoner filings.  The rulings extending the mailbox rule are consistent with the notion that prisoners filing pro se do not have the same access to the court system as other litigants, and, in order for justice to be properly served, their papers should be considered filed when given to prison officials.  Therefore, for purposes of this order, the filing date is December 2, 2004.  *Boriboune* was decided on December 6, 2004, four days after the date the co-plaintiffs filed their lawsuit.  Therefore, the filing fee in this case shall not exceed $150.00 total. In other words each plaintiff is not responsible for $150.00 each, but the co-plaintiffs together are responsible for no more than a total of $150.00.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. P. Rule 11, as the plaintiff, Carson's motion is not signed by all co-plaintiffs, his motion is ordered stricken.  The clerk of the court is directed to strike the plaintiff's motion, d/e 45, forthwith.**
2. **The filing fee in this case shall not exceed $150.00 total.**
3. **Sua sponte, the clerk of the court is directed to refund any overpayments of the $150.00 filing fee, as appropriate.**
4. **The clerk of the court is directed to mail a copy of this order to the trust fund officer of the co-plaintiffs', including those there were terminated, place of incarceration, forthwith.**

**Enter this 3rd   day of November 2005.**


/s/ **Harold A. Baker**
_____
**HAROLD A. BAKER**
**UNITED STATES DISTRICT COURT**